IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| SHERITHA HARRIS, | * |
| Plaintiff, | * |
| vs. | * |
| HARVEST ASSOCIATES, INC., | * |
| Defendant. | * |

CASE NO. 4:19-CV-183 (CDL)

O R D E R

Plaintiff discovered that Defendant reported two debts on her credit report. Plaintiff sent a letter to Defendant disputing the debts. She claims that Defendant violated the Fair Debt Collection Practices Act when it responded to her dispute letter on May 24, 2018. Plaintiff brought a prior action against Defendant based on the alleged violations, but the Court dismissed that action for failure to prosecute and failure to comply with the Court's order after Plaintiff, despite many opportunities, failed to serve her amended complaint on Defendant and did not show good cause for her failure to do so. Order of Dismissal, ECF No. 19 in 4:18-cv-133.

Plaintiff filed this action on October 28, 2019, asserting the same Fair Debt Collection Practices Act claims that she raised in the dismissed action based on Defendant's May 24, 2018 response to her dispute letter. Defendant moved to dismiss this

action as barred by the Fair Debt Collection Practices Act's one-year statute of limitations: "An action to enforce any liability created by [the Fair Debt Collection Practices Act] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, *within one year from the date on which the violation occurs*." 15 U.S.C. § 1692k(d) (emphasis added). The motion to dismiss (ECF No. 7) is granted.

Plaintiff does not dispute that she filed this action more than one year after the alleged violation occurred on May 24, 2018. She argues, however, that the one-year statute of limitations should be deemed tolled under the doctrine of equitable tolling. But equitable tolling is only "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond [her] control and unavoidable even with diligence." *Stamper v. Duval Cty. Sch. Bd.*, 863 F.3d 1336, 1342 (11th Cir. 2017) (alteration in original) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Plaintiff, who has the burden to prove that equitable tolling applies, did not establish any extraordinary circumstances that were beyond her control and unavoidable even with diligence. Rather, the circumstances were entirely within Plaintiff's control. If Plaintiff had simply acted with reasonable diligence and served Defendant with the amended complaint in the

prior action—either on her own as the rules require or in response to one of the Court's several orders to do so—that action would not have been dismissed and she would have been able to pursue her claims against Defendant in that action. Equitable estoppel does not apply, and this action is dismissed because it was filed too late.

    IT IS SO ORDERED, this 9th day of April, 2020.

                                      s/Clay D. Land
                                      CLAY D. LAND
                                      CHIEF U.S. DISTRICT COURT JUDGE
                                      MIDDLE DISTRICT OF GEORGIA